UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL GUEVARA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-2355** |
| **ARO SOLUTIONS, LLC ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court are Cross-Motions for Summary Judgment (Docs. 105, 106). For the following reasons, Diverse Safety and Scaffolding, LLC's Motion for Summary Judgment is **GRANTED**, and ARO Solutions, LLC's Motion for Summary Judgment is **DENIED**.

### BACKGROUND

Daniel Guevara alleges that he was injured in April 2019 while employed by Diverse Safety and Scaffolding, LLC ("DSS") as a scaffold foreman. EnVen Energy Ventures, LLC ("EnVen") hired DSS to erect scaffolds as part of the decommissioning of EnVen's fixed offshore platform. The platform was located in the Gulf of Mexico off the coast of Louisiana and on the Outer Continental Shelf. ARO Solutions, LLC ("ARO") was also working aboard the platform as

1

EnVen's plug and abandonment contractor. After his injury, Guevara brought claims against EnVen, ARO, and others in the Western District of Louisiana.

On September 13, 2021, ARO filed a third-party demand against DSS, seeking defense and indemnity under the terms of a Master Service Agreement ("the MSA") between EnVen and DSS. The Western District court severed ARO's indemnity claim against DSS and transferred it to this Court pursuant to the forum selection clause in the MSA.

ARO and DSS now bring cross-motions for summary judgment on ARO's defense and indemnity claim. The motions hinge on a choice-of-law question: what law—Louisiana or maritime—governs the MSA. This Court will consider each argument in turn.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

It is undisputed that the MSA between DSS and EnVen provides that DSS "shall be responsible for and hold harmless and indemnify all members of EnVen Group [including ARO] from and against all Claims which may be brought by any member of Contractor Group [including Plaintiff]."[9] However, the parties dispute whether Louisiana or maritime law governs the MSA. If

---

[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] Doc. 105-4.

Louisiana law applies, as DSS contends, the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") applies to prevent ARO's claims for defense and indemnity. If maritime law applies, as ARO contends, the defense and indemnity provision in the MSA is enforceable.

The choice-of-law provision of the MSA over which the parties argue provides that:

> THIS AGREEMENT AND THE LEGAL RELATIONS BETWEEN THE PARTIES HERETO SHALL BE GOVERNED BY AND CONSTRUED UNDER THE GENERAL MARITIME LAW OF THE UNITED STATES; PROVIDED, HOWEVER, THAT IF THE GENERAL MARITIME LAW IS NOT APPLICABLE, THIS AGREEMENT SHALL BE CONSTRUED UNDER THE INTERNAL LAWS FOR THE STATE IN WHICH THE WORK IS PERFORMED. IF THE WORK IS PERFORMED IN FEDERAL OFFSHORE WATERS, THEN THIS AGREEMENT SHALL BE CONSTRUED UNDER THE INTERNAL LAWS OF THE STATE OFFSHORE OF WHICH THE WORK IS PERFORM [SIC].[10]

The parties dispute the interpretation of this provision. ARO interprets the provision as follows:

> The choice of law provision begins with a mandate that the DSS MSA "shall be governed and construed under the General Maritime Law of the United States." The provision further provides for the contingency wherein maritime law "is not applicable." In that instance, the provision indicates that the law of the state in which the work is performed shall apply, or, if the

---

[10] Doc. 105-4.

work is performed in federal offshore waters, the law of the adjacent state shall apply.[11]

ARO argues that the Court must therefore perform the analysis espoused by the Fifth Circuit in *In re Doiron* to determine whether the MSA is maritime or non-maritime.[12]

DSS, for its part, argues that the second sentence of the provision—which provides for the choice of law to be applied when work is performed in federal offshore waters—stands on its own. It argues that because the relevant work was performed in federal offshore waters off the coast of Louisiana, then Louisiana law applies. It argues that this outcome is true whether the contract is maritime or non-maritime and therefore application of the *Doiron* test is unnecessary.[13]

This Court sides with DSS's interpretation of the MSA. By its plain language, the provision sets forth a general rule for choice of law—namely, that maritime law applies unless it is not applicable—and then, in a separate sentence, provides a more specific rule when work is performed on federal offshore waters. "It is a fundamental axiom of contract interpretation that

---

[11] Doc. 105-1 at 8.
[12] The *Doiron* test requires the court to consider just two questions in determining whether a contract is maritime: (1) "is the contract one to provide services to facilitate the drilling or production of oil and gas on navigable waters?" and (2) "does the contract provide or do the parties expect that a vessel will play a substantial role in the completion of the contract?" In re Larry Doiron, Inc., 879 F.3d 568, 576 (5th Cir. 2018). ARO argues that even assuming DSS's interpretation of the MSA was correct, the focus-of-the-contract test created by the Fifth Circuit in *Grand Isle v. Seacor* would be the appropriate analysis because this is an OCSLA case. *See* Grand Isle Shipyard, Inc. v. Seacor Marine, LLC, 589 F.3d 778 (5th Cir. 2009).
[13] *See* Delozier v. S2 Energy Operating, LLC, 500 F. Supp. 3d 514, 519–20 (E.D. La. 2020).

specific provisions control general provisions."[14] ARO asks this Court to treat the second sentence as a "continuation of the contingent language addressing instances in which maritime law is held inapplicable."[15] To do so, the Court would have to ignore the punctuation between the two provisions and insert the connector "or." Such an interpretation is inappropriate where the plain language is clear.

It is undisputed that the work in this case was performed in the federal offshore waters off the coast of Louisiana. The MSA is clear then that Louisiana law applies. It is therefore unnecessary to determine whether the contract is maritime or non-maritime in nature. "If the work is not maritime in nature, Louisiana law clearly applies. If the work is maritime in nature, general maritime law recognizes and enforces choice of law provisions so long as the law selected has a substantial relationship to the parties or transaction in the case" and the state's law does not conflict "with the fundamental purposes of maritime law."[16] Here, both DSS and EnVen are Louisiana limited liability companies domiciled in Louisiana, and the "Anti–Indemnity Statute does not conflict with any fundamental purpose of maritime law."[17] Accordingly, nothing prevents the application of the choice of Louisiana law provision. Because Louisiana law governs, LOAIA applies to prevent ARO's claim for defense and indemnity under the MSA.

---

[14] In re Y & S Marine, Inc., No. 10-2094, 2013 WL 3874883, at *3 (E.D. La. July 25, 2013) (quoting Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp., 289 F.3d 373, 377 (5th Cir. 2002)).

[15] Doc. 107 at 4.

[16] *Delozier*, 500 F. Supp. 3d at 519–20; Stoot v. Fluor Drilling Servs., Inc., 851 F.2d 1514, 1517 (5th Cir. 1988).

[17] *Stoot*, 851 F.2d at 1517.

6

## **CONCLUSION**

For the foregoing reasons, Diverse Safety and Scaffolding, LLC's Motion for Summary Judgment is **GRANTED**, and ARO Solutions, LLC's Motion for Summary Judgment is **DENIED**. ARO's claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 4th day of October, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**